# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

SAMUEL AKA,

    *Defendant*.

Criminal No. 18-147 (TJK)

## MEMORANDUM OPINION AND ORDER

Defendant Samuel Aka is charged in a superseding indictment with two counts of unlawful possession of a firearm and ammunition. Count One charges Aka with violating 18 U.S.C. § 922(g)(1), which prohibits the possession of any firearm or ammunition by a person who has been convicted of a crime punishable by imprisonment for more than one year, and Count Two charges him with violating D.C. Code § 22-4503(a)(1), the District of Columbia's comparable felon-in-possession statute.

Pending before the Court is Aka's motion to dismiss Count One of the superseding indictment, on the ground that Aka does not have a prior felony conviction as defined under § 922(g)(1).[1] The underlying conviction supporting both charges against him—a 2011 conviction in D.C. Superior Court for fleeing law enforcement—was set aside in 2012 under the District of Columbia's Youth Rehabilitation Amendment Act ("YRA"). *See* D.C. Code § 24-906(e). And under the federal felon-in-possession statute, a prior felony conviction that has been

---

[1] In deciding the instant motion, the Court has relied on all relevant parts of the record, including: ECF No. 12 ("Def.'s MTD"); ECF No. 12-1 ("Def.'s Ex. A"); ECF No. 13 ("Gov't's Opp'n"); ECF No. 15 ("Def.'s Reply"); ECF No. 17 ("Sup. Indictment"); and ECF No. 20 ("Def.'s Sup. Reply"). The Court will cite the transcript of the motions hearing held on October 3, 2018—available for purchase from the Court Reporter—as the "Oral Arg. Tr."

expunged or set aside does not qualify as a prior felony conviction for purposes of § 922(g)(1) unless the expungement "expressly provides" that the individual cannot possess firearms.  *See* 18 U.S.C. § 921(a)(20).  The certificate Aka received setting aside his conviction made no mention of firearms.  But the specific section of the YRA pursuant to which his conviction was set aside does make clear that he remains subject to the District of Columbia's restriction on felons possessing them.  *See* D.C. Code §§ 22-4503, 24-906(f)(8).  The Court concludes that because the source of Aka's set-aside—§ 24-906 of the YRA—"expressly provide[d]" that he cannot possess firearms, his District of Columbia conviction may serve as a predicate offense for a charge under § 922(g)(1).  Accordingly, and for the reasons explained below, his motion is **DENIED**.

I. **Background**

    A.    **Statutory Framework**

Section 922(g)(1) provides that any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" may not ship, transport, possess, or receive any firearm in or affecting interstate commerce.  18 U.S.C. § 922(g)(1).  For purposes of that statute, "[w]hat constitutes a conviction of such a crime" is "determined in accordance with the law of the jurisdiction in which the proceedings were held."  *Id.* § 921(a)(20).  However, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.*

The District of Columbia has enacted a process under the YRA for setting aside the convictions of youth offenders, either automatically upon discharge from the defendant's sentence or otherwise at the discretion of the sentencing court.  *See* D.C. Code § 24-906.

Specifically, § 24-906(e) provides that a court may, in its discretion, discharge a youth offender from probation before the end of the probation period, upon which the offender's conviction will be automatically set aside. In any case where a youth offender's conviction is set aside, the YRA requires that the court issue a certificate to the offender to that effect. *See id.*

Under the YRA, a conviction set aside pursuant to § 24-906 may nonetheless be used for a set of enumerated purposes. *See id.* § 24-906(f). In particular, and relevant here, such a conviction may be used to determine whether an individual has unlawfully possessed a firearm in violation of D.C. Code § 22-4503, which prohibits any individual who has been convicted of a crime punishable by imprisonment for more than one year from possessing a firearm. *Id.* § 24-906(f)(8). That is, an individual whose conviction has been set aside under § 24-906 is still subject to the District of Columbia's restrictions on felons possessing firearms.

B.     **Factual and Procedural Background**

On December 8, 2011, Aka pleaded guilty in D.C. Superior Court to one count of fleeing law enforcement and one count of reckless driving, the former carrying a maximum sentence of five years' imprisonment. *See* Def.'s Ex. A at 1; D.C. Code § 50-2201.05b(b)(2). He was sentenced to a suspended term of six months' incarceration and one year of supervised probation. Def.'s Ex. A at 1. On October 15, 2012, the court, finding that Aka had successfully completed the conditions of his sentence prior to the expiration of probation, discharged Aka from his sentence pursuant to § 24-906(e) of the YRA. *Id.* at 3-4. As required by that statute, the court ordered that his conviction be set aside, and it issued an "Order of Discharge and Certificate Setting Aside Conviction" (the "Certificate") to that effect. *Id.* at 4.

The Certificate read in relevant part as follows:

> The offender has successfully completed the conditions of his/her sentence prior to the expiration of the maximum period previously imposed by the Court.

3

> Therefore, it is hereby ORDERED that the offender be unconditionally discharged from the imposed sentence and,
>
> It is further ORDERED that by this discharge the conviction shall be set aside, and the Court shall issue a copy of this order and Certificate to the offender, and all appropriate agencies, pursuant to D.C. Code, § 24-906(e).

*Id.*

On September 20, 2018, Aka was charged in a two-count superseding indictment with unlawfully possessing a handgun and ammunition in violation of 18 U.S.C. § 922(g)(1) and D.C. Code § 22-4503(a)(1). Sup. Indictment at 1-2. The prior conviction supporting both Counts is Aka's 2011 conviction for fleeing law enforcement, which was set aside in 2012 pursuant to § 24-906(e) of the YRA. Citing 18 U.S.C. § 921(a)(20), Aka has filed a motion to dismiss Count One on the ground that his 2011 conviction, having been set aside under the YRA, does not qualify as a conviction for purposes of the federal felon-in-possession statute.[2]

Following briefing by the parties and a hearing on the motion, Aka's motion is ripe for disposition.

## II. Standard of Review

Prior to trial, a criminal defendant may file a motion to dismiss a count of the indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). In effect, the defendant is seeking to dismiss the count on the ground that it "does not charge a crime against the United States." *United States v. Hillie*, 289 F. Supp. 3d 188, 193 (D.D.C. 2018) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). When considering a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment, and the court must

---

[2] The government filed the superseding indictment adding Count Two after Aka filed the instant motion. Accordingly, Aka's motion as written seeks to dismiss the indictment, Count One having been the only count in the operative indictment at the time the motion was filed. Because the superseding indictment merely adds an additional count and does not amend Count One in any respect, the Court treats Aka's motion as one to dismiss Count One.

4

"presume [those] allegations [in the] indictment to be true." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting *United States v. Fiander*, 547 F.3d 1036, 1041 n.3 (11th Cir. 2008)). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012).

### III. Analysis

In order for Aka to have violated 18 U.S.C. § 922(g)(1), he must previously have been convicted of a crime punishable by imprisonment for more than one year. *United States v. Clark*, 184 F.3d 858, 865 (D.C. Cir. 1999). The predicate offense alleged in the indictment is Aka's conviction under D.C. Code § 50-2201.05b(b)(2) for fleeing law enforcement. The parties do not dispute that such a crime is one punishable by imprisonment for more than one year. But for purposes of the felon-in-possession statute, this prior conviction must qualify as a "conviction" as that term is defined in 18 U.S.C. § 921(a)(20).

Aka contends that his 2011 conviction cannot qualify as a predicate conviction because it has been set aside under the YRA. Section 921(a)(20), he notes, provides that a conviction that has been set aside is not a "conviction" for purposes of § 922(g)(1) unless it expressly provides that the individual may not ship, transport, possess, or receive firearms. And his certificate of discharge, he maintains, "provides none of the required language directly, indirectly or by reference" to trigger that exception. Def.'s MTD ¶ 14. Moreover, Aka argues, none of the purposes enumerated in § 24-906(f) of the YRA for which set-aside convictions can still be used contemplate the conviction serving as a predicate under the *federal* felon-in-possession laws. *See* Def.'s MTD ¶ 12.

The government, however, insists that Aka's 2011 conviction constitutes a conviction for purposes of § 922(g)(1) because the YRA specifically provides that convictions that are set aside

5

may nonetheless still be used as the predicate felony in a future firearm possession charge. Gov't's Opp'n at 4. Even though a conviction that has been set aside ordinarily cannot serve as a predicate conviction for purposes of § 922(g)(1), the government argues that the limitations on Aka's right to possess a firearm imposed by the section of the YRA under which his conviction was set aside trigger the exception in § 921(a)(20).

The question on which Aka's motion turns, then, is whether that exception applies here—in other words, whether Aka's set-aside "expressly provides" that he may not possess firearms. 18 U.S.C. § 921(a)(20). And the antecedent analytical question is *where* the Court may look to determine whether this is so. If the Court may look to the statutory provision under which Aka's conviction was set aside, then the limitations imposed by § 24-906(f)(8) of the YRA would appear to trigger the exception in § 921(a)(20)—subject to additional arguments advanced by Aka, which are discussed below—and Aka's 2011 conviction would qualify as a predicate felony conviction. But if the firearm limitations must be expressly set forth in the actual certificate issued to the defendant, because the Certificate Aka received made no mention of any restrictions on his right to possess a firearm, his 2011 conviction cannot support a charge under § 922(g)(1).

To determine whether an individual has in fact been "convicted" in a state of a crime punishable by more than one year's imprisonment, § 921(a)(20) directs courts to look to that state's laws. *See id.* The courts of appeal, however, have disagreed over how that instruction applies to the second sentence of § 921(a)(20)—that is, if courts, in determining whether limitations on possessing firearms were "expressly provide[d]" by a pardon, expungement, or

6

restoration of civil rights, may look to the whole of a state's law.[3] Our Circuit weighed in on this issue in *United States v. Bost*, 87 F.3d 1333 (D.C. Cir. 1996).

The issue presented in *Bost* was whether a defendant may be considered a convicted felon for purposes of § 922(g)(1) "if the law in the state of conviction prohibits felons from . . . possessing . . . firearms even though the statute or the procedure that restores the felon's civil rights is silent on the subject." 87 F.3d at 1335. The court concluded that § 921(a)(20), and specifically the language "unless *such pardon, expungement, or restoration of civil rights expressly provides*" (emphasis added), requires courts to "look no further than the source" of said pardon, expungement, or restoration of civil rights, as opposed to the whole of the state's law. 87 F.3d at 1336. Thus, because the defendant in that case had received a certificate restoring his civil rights that imposed no restrictions on his right to possess a firearm, the *Bost* court concluded that his prior conviction did not qualify under § 922(g)(1).

In this case, however, the statute that is the source of Aka's set-aside is not "silent on the subject" of the firearms limitation. *Bost*, 87 F.3d at 1335. As a result, the government need not (and in any event could not under *Bost*) argue that the Court look to all of District of Columbia law to determine whether Aka was subject to limitations on his right to possess firearms. The government merely contends that the Court should look to the very statute under which Aka's conviction was set aside, which plainly subjects him to continuing firearm restrictions. *See* D.C. Code § 24-906(f)(8). The threshold question for the Court, therefore, is not whether it may look

---

[3] *See Buchmeier v. United States*, 581 F.3d 561, 565 (7th Cir. 2009) (reviewing split among the circuits as to whether courts may look to all of a state's laws to determine whether an individual is still subject to firearm restrictions); *see also Logan v. United States*, 552 U.S. 23, 33 n.4 (2007) (recognizing the split but declining to express an opinion on the matter).

to the whole of the District of Columbia's law, but rather whether, when examining the source of Aka's set-aside conviction, it may look to the specific statute through which Aka's conviction was set aside *in addition to* the face of the Certificate he received to that effect.[4] The Court determines that it can.

Section 921(a)(20) directs courts to look specifically to the "pardon, expungement, or restoration of civil rights" for any express firearm restrictions.[5] That language, the Circuit concluded in *Bost,* requires courts to "look no further than the source" of said expungement, pardon, or restoration of civil rights. 87 F.3d at 1336. But that leads to the subsequent question: what, in particular circumstances, constitutes the "source"? The *Bost* court further instructed that courts should "determine whether the defendant was nevertheless expressly deprived of the right

---

[4] In their initial briefing before the Court on Aka's motion to dismiss Count One, neither Aka nor the government mentioned *Bost*. Moreover, Aka appeared to concede that the Court could look to both the face of Aka's certificate *and* the statute authorizing his conviction to be set aside. *See* Def.'s MTD ¶¶ 14-15; Def.'s Reply ¶ 2. The Court, however, instructed both parties to submit supplemental briefing addressing *Bost* as it applies to this case or otherwise to be prepared to discuss the case at a hearing on Aka's motion. At the hearing, Aka appeared to reverse course, taking the position that the firearm restrictions must be stated on the face of the certificate itself. *See* Oral Arg. Tr. at 10:8-11. But in his most recent filing with the Court, *see* Def.'s Sup. Reply ¶ 2, he appears to come full circle, once again conceding that the Court may consider the text of the YRA, but arguing that it does not contain firearm restrictions sufficient to trigger the exception under 18 U.S.C. § 921(a)(20). Because the Court views *Bost* as important to resolving Aka's motion, however, the Court will address both its impact as well as Aka's additional arguments that the text of the YRA is insufficient to subject him to prosecution under § 922(g)(1).

[5] The Court recognizes that the "unless" clause in § 921(a)(20) refers specifically to pardons, expungements and restorations of civil rights—but omits any reference to convictions "set aside." While the Court acknowledges that "setting aside" and "expunging" convictions are not synonymous concepts, *see United States v. Sellers*, 784 F.3d 876, 883 (2d Cir. 2015), it concludes that the term "expungement" as used here encompasses convictions that have been both expunged and set aside, *see Wyoming ex rel. Crank v. United States*, 539 F.3d 1236, 1245 (10th Cir. 2008) ("The absence of the term 'set aside' suggests that Congress felt that 'expungement' in the 'unless' clause covered both 'set asides' and 'expungements.'"). Neither party here has argued otherwise.

to possess a firearm *by some provision of the restoration law or procedure* of the state of the underlying conviction." 87 F.3d at 1336-37 (emphasis added and removed) (quoting *United States v. Thomas*, 991 F.2d 206, 213 (5th Cir. 1993)).  In the case of an individual's conviction being expunged or his civil rights restored automatically by operation of statute, then, *Bost* makes clear that courts must look to the language of that statute to determine whether it expressly provided any firearm restrictions.  *See id.* at 1337.

By that same reasoning, when an individual's conviction is set aside upon issuance of a certificate pursuant to a specific statute, the Court concludes that that authorizing statute is as much a part of the "expungement" as is the certificate itself.  In such a case, both the statute and the certificate are properly considered part of "the restoration law or procedure" to which the Circuit has directed courts to look.  *Id.* at 1336-37 (quoting *Thomas*, 991 F.2d at 213).  Indeed, although the *Bost* court did not address this question directly, the analysis it undertook implicitly confirms this understanding.  The court in that case proceeded to examine "two such sources" of the restoration of civil rights at issue—Section 2961.01 of Ohio's Revised Code, which restored Bost's right to vote, and Section 2967.16, which *authorized the certificate* Bost received restoring his rights to hold elected office and to serve on a jury.  *Bost*, 87 F.3d at 1336.  To be sure, the court also looked to the text of the certificate itself, which—in addition to the two statutes—did not include a firearms restriction.  *Id.*  But the court's analysis *also* included an examination of the text of the statute that authorized the certificate, which in this case would include the firearm restrictions contained in D.C. Code § 24-906(f)(8).

The Court recognizes that, elsewhere in the opinion, language in *Bost* appears to suggest that the court's inquiry turned solely on the language on the face of the certificate.  *See id.* at 1337-38 ("This reasoning suggests that even in a case where the issuance of a certificate may be

superfluous, a state that wishes its felon-in-possession law to be enforced at the federal level would be well-advised to include its firearms restrictions in any restoration certificate it provides a convicted felon."). And Judge Silberman's brief concurrence appears to do so as well. *See id.* at 1338 ("I agree with the majority that the phrase 'such . . . restoration' should be read as 'such source of restoration,' and therefore if a certificate is the source of any part of the defendant's restoration of civil rights, it must contain the firearms restriction to support a conviction under 18 U.S.C. § 922(g)(1)."). But if that were so, the court would not have recounted the contents of the statute authorizing that Bost's rights be restored by certificate when it purported to examine the "source" of that restoration; it would have only recited the text of the certificate. At the very least, the court in *Bost* appears to have assumed that when a certificate that restores a defendant's civil rights—or pardons the defendant or expunges or sets aside his or her conviction—makes no reference to restrictions on possessing a firearm, neither will the statute authorizing the certificate. That was the case in *Bost*, but it is not so here.[6]

In this case, Aka's conviction was set aside pursuant to D.C. Code § 24-906 upon issuance of an order by the sentencing court discharging his sentence. *See* Def.'s Ex. A at 4. And he received the Certificate informing him of the discharge and that his conviction was set aside pursuant to § 24-906(e). *See id.* Though the Certificate itself does not mention firearms, § 24-906(f) expressly subjects him to the District of Columbia's prohibition on felons possessing firearms. Because the source by which Aka's 2011 conviction was set aside—D.C. Code § 24-

---

[6] The Court is also mindful of the concern raised in *Bost* and by other circuits that defendants not be "mouse-trapp[ed]" by certificates that say nothing about continuing restrictions on possessing firearms. *Bost*, 87 F.3d at 1337 (quoting *United States v. Erwin*, 902 F.2d 510, 512 (7th Cir. 1990)). That concern is greatly ameliorated when, as here, the statute authorizing the certificate, and referenced on the certificate's face, contains those restrictions, as opposed to a law "in the corner of the state's penal code." *Id.* (quoting *Erwin*, 902 F.2d at 512-13).

10

906—expressly provided that he nonetheless may not possess firearms within the District of Columbia, that conviction qualifies under § 922(g)(1) as a prior conviction of a crime punishable by more than one year's imprisonment.

Two other arguments raised by Aka in support of his motion warrant brief discussion. First, Aka argues that none of the purposes enumerated in § 24-906(f) of the YRA for which set-aside convictions can still be used contemplate the conviction serving as a predicate under the *federal* felon-in-possession laws. *See* Def.'s MTD ¶¶ 6-7, 12. But the intentions of District of Columbia lawmakers are of no moment here. By enacting 18 U.S.C. § 921(a)(20), Congress has tasked this Court with determining whether Aka's set-aside "expressly provide[d]" that he may not possess firearms, and it must do so by examining its source under District of Columbia law. Because the statute that authorized the set-aside does so, his conviction may nonetheless provide the predicate for a prosecution under § 922(g)(1).

Second, Aka contends (and in light of his most recent filing, this appears to be the primary argument he has settled upon) that his 2011 conviction does not qualify as a prior felony conviction under the federal felon-in-possession statute because the YRA does not prohibit all of the conduct mentioned in 18 U.S.C. § 921(a)(20)—namely, shipping, transporting, possessing, or receiving firearms. *See* Def.'s MTD ¶¶ 12, 14-15; Def.'s Sup. Reply ¶ 2. That argument, however, was foreclosed by the Supreme Court's decision in *Caron v. United States*, 524 U.S. 308 (1998). Faced with a Massachusetts law prohibiting a felon whose civil rights had been restored from possessing handguns outside of his home or business, the *Caron* Court determined that such a restriction was sufficient under 18 U.S.C. § 921(a)(20) for the defendant's felony conviction to qualify for purposes of § 922(g)(1). *See Caron*, 524 U.S. at 313-15; *see also id.* at 317 (Thomas, J., dissenting). "[A] state weapons limitation on an offender," it reasoned,

11

"activates the uniform federal ban on possessing any firearms[,] . . . even if the guns the offender possessed were ones the State permitted him to have." *Id.* at 315.

In this case, D.C. Code § 22-4503(a)(1) prohibits a convicted felon from "own[ing] or keep[ing] a firearm, or hav[ing] a firearm in his or her possession or under his or her control, within the District of Columbia." And § 24-906(f)(8) of the YRA expressly subjects individuals whose convictions have been set aside under the YRA to those firearm limitations. Though these restrictions do not perfectly track the language of the federal felon-in-possession statutes, they nonetheless are limitations on possessing firearms sufficient to "activate[] the uniform federal ban on possessing firearms" per the exception in § 921(a)(20). *Caron*, 524 U.S. at 315.

## IV. Conclusion and Order

For all of the above reasons, Aka's Motion is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 22, 2018